# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DERRICK DUPAR, JR.,

    Plaintiff,

v.

TROY A. PINGEL, JOSEPH D. BEAHM, NICHOLAS J. WODAK, JESSE J. JONES, JOHN W. BIRDYSHAW, CATHY L. BARKHURST, TYLOR J. RODENKIRCH, JASON A. ROSENTHAL, and KYLE K. TRITT,

    Defendants.

Case No. 21-CV-1058-JPS

**ORDER**

    Plaintiff Derrick Dupar Jr. ("Plaintiff"), who is currently incarcerated at Green Bay Correctional Institution ("GBCI"), filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights. ECF No. 1. On June 24, 2022, the Court screened the complaint and allowed Plaintiff to proceed on the following four claims: (1) Eighth Amendment excessive force against Defendants Troy A. Pingel ("Pingel"), John W. Birdyshaw ('Birdyshaw"), and Nicholas J. Wodak ("Wodak"); (2) Eighth Amendment failure to intervene against Defendants Joseph D. Beahm ("Beahm"), Jesse J. Jones ("Jones"), Cathy L. Barkhurst ("Barkhurst"), Tylor J. Rodenkirch ('Rodenkirch"), Jason A. Rosenthal ("Rosenthal"), and Kyle K. Tritt ("Tritt"); (3) Eighth Amendment illegal strip search against Defendants Pingel, Birdyshaw, Wodak, Beahm, Jones, Barkhurst, Rodenkirch, Rosenthal, and Tritt; and (4) Fourth Amendment

illegal strip search against Defendants Pingel, Birdyshaw, Wodak, Beahm, Jones, Barkhurst, Rodenkirch, Rosenthal, and Tritt. ECF No. 12 at 8.

On August 12, 2022, Defendants filed a motion for partial summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies as to three out of the four claims. ECF No. 18. Defendants filed a motion to dismiss for the failure to prosecute on November 29, 2022. ECF No. 28. Following multiple requests to stay the case or for an extension, on December 22, 2022, the Court ordered Plaintiff to file a response on or before January 30, 2023. ECF No. 33. The Court warned Plaintiff that his failure to respond would result in the Court deciding the exhaustion motion with no response. *Id.* On February 3, 2023, Plaintiff filed another motion for an extension of time to file an opposition brief. ECF No. 34. The Court will deny Plaintiff's motion. Plaintiff was given ample time and multiple opportunities to provide a response to Defendants' motion for summary judgment.

Next, the Court will deny Defendants' motion to dismiss for the failure to prosecute. As outlined below, the sanction for the failure to oppose the summary judgment motion is that the Court has adopted all of Defendants' proposed findings of fact as undisputed. Despite Plaintiff's failure to oppose summary judgment, the Court has independently reviewed the motion to determine whether it states adequate grounds for the relief requested. *See Nabozny v. Podlesny*, 92 F.3d 446, 457 n.9 (7th Cir. 1996) ("[T]he Seventh Circuit . . . requires that before granting a dispositive motion as unopposed, the trial judge must look at the motion to determine whether it states adequate grounds for the relief requested.")). Based on the Court's review of Defendants' submissions, and for the reasons explained

Page 2 of 12
Case 2:21-cv-01058-JPS   Filed 02/08/23   Page 2 of 12   Document 35

below, the Court will grant Defendants' motion for partial summary judgment based on the failure to exhaust administrative remedies.

1. STANDARD OF REVIEW

    1.1 Summary Judgment

Federal Rule of Civil Procedure 56 provides that the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). A fact is "material" if it "might affect the outcome of the suit" under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The Court construes all facts and reasonable inferences in the light most favorable to the non-movant. *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 360 (7th Cir. 2016).

    1.2 Exhaustion of Prisoner Administrative Remedies

The Prison Litigation Reform Act ("PLRA") establishes that, prior to filing a lawsuit complaining about prison conditions, a prisoner must exhaust "such administrative remedies as are available." 42 U.S.C. § 1997e(a). To do so, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). He must do so precisely in accordance with those rules; substantial compliance does not satisfy the PLRA. *Id.*; *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005). A suit must be dismissed if it was filed before exhaustion was complete, even if exhaustion is achieved before judgment is entered. *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). The exhaustion requirement furthers

several purposes, including restricting frivolous claims, giving prison officials the opportunity to address situations internally, giving the parties the opportunity to develop the factual record, and reducing the scope of litigation. *Smith v. Zachary*, 255 F.3d 446, 450–51 (7th Cir. 2001). Failure to exhaust administrative remedies is an affirmative defense to be proven by a defendant. *Westefer v. Snyder*, 422 F.3d 570, 577 (7th Cir. 2005).

### 1.2.1 Inmate Complaint Review System

The Wisconsin Department of Corrections (the "DOC") maintains an inmate complaint review system ("ICRS") to provide a forum for administrative complaints. Wis. Admin. Code § DOC 310.04. The ICRS "allow[s] inmates to raise in an orderly fashion issues regarding department policies, rules, living conditions, and employee actions that personally affect the inmate or institution environment, including civil rights claims." *Id.* § DOC 310.01(2)(a). Before commencing a civil action or special proceedings, "inmate[s] shall exhaust all administrative remedies the [DOC] has promulgated by rule." *Id.* § DOC 310.05.

There are two steps an inmate must take to exhaust the available administrative remedies. First, the inmate must file an offender complaint with the Institution Complaint Examiner ("ICE") within fourteen days of the events giving rise to the complaint. *Id.* § DOC 310.07(2). The ICE may reject the complaint or return the complaint to the inmate and allow him or her to correct any issue(s) and re-file within ten days. *See id.* § DOC 310.10(5),(6). If the complaint is rejected, the inmate may appeal the rejection to the appropriate reviewing authority within ten days. *Id.* § DOC

310.10(10).[1] If the complaint is not rejected, the ICE issues a recommendation of either dismissal or affirmance to the reviewing authority. *Id.* § DOC 310.10(9),(12). The reviewing authority ("RA") will affirm or dismiss the complaint, in whole or in part, or return the complaint to the ICE for further investigation. *Id.* § DOC 310.11(2).

Second, if the ICE recommends, and the RA accepts, dismissal of the complaint, the inmate may appeal the decision to the Corrections Complaint Examiner ("CCE") within fourteen days. *Id.* §§ DOC 310.09(1), 310.12. The CCE issues a recommendation to the Secretary of the Department of Corrections, who may accept or reject it. *Id.* §§ DOC 310.12(2), 310.13. The inmate exhausts this administrative process when he or she receives the Secretary's decision. *Id.* § DOC 310.13(2),(3). If the inmate does not receive the Secretary's written decision within ninety days of the date of receipt of the appeal in the CCE's office, the inmate shall consider the administrative remedies to be exhausted. *Id.* § DOC 310.13(4).

## 2. RELEVANT FACTS

Defendants' motion for partial summary judgment addresses the issue only of whether Plaintiff exhausted his administrative remedies as to three of the four claims proceeding. The Court accordingly finds the following facts relevant to the disposition of the issue at hand.

### 2.1 Plaintiff's Allegations

On November 29, 2018, Plaintiff was housed in the Restrictive Housing Unit at Waupun Correctional Institution ("WCI"). ECF No. 1. at 3. At approximately 8:05 a.m., Defendant Pingel escorted Plaintiff back to his

---

[1] The ICRS defines a "reviewing authority" as "a person who is authorized to review and decide an inmate complaint." Wis. Admin. Code § DOC 310.03(15).

cell from the shower stall. *Id.* When approaching the cell, they saw Defendant Rosenthal performing a cell search. *Id.* Rosenthal was throwing Plaintiff's food from his breakfast tray on the floor outside of his cell. *Id.* Plaintiff asked Rosenthal why he took the breakfast tray and why he was putting it in the hallway. *Id.* at 4. Rosenthal told Plaintiff, with a smirk on his face, that Plaintiff already ate his tray. *Id.* Rosenthal, without any justification, then told Plaintiff he would not get out of segregation. *Id.* Once Plaintiff was cuffed and tethered to his cell door, Pingel put his hands on Plaintiff's shoulder and pushed Plaintiff inside his cell. *Id.* Plaintiff responded, "Don't put your fucking hands on me. I'm not refusing to enter my cell and I'm walking in my cell." *Id.*

After Plaintiff's cell door closed, he kept his hands in the trap and asked to speak with the White Shirt (the Captain and/or Lieutenant). Pingel yelled at Plaintiff, "Give me my fucking cuffs, you can keep the teether." *Id.* Pingel made additional comments, such as, "I swear I'll break your wrist," while tugging on the teether attached to Plaintiff's wrist and causing him pain. *Id.* at 4–5. After about five minutes, Pingel called for assistance. *Id.* at 5. Plaintiff then informed Defendant Beahm that Rosenthal took his tray. *Id.* Beahm then re-handcuffed Plaintiff's hands. *Id.* Plaintiff's cell reopened and Plaintiff was directed to stay kneeling so that Rosenthal could apply leg restraints. *Id.* Plaintiff stated, "This is bullshit." *Id.* Defendant Birdyshaw told Plaintiff to keep his head facing forward and Plaintiff complied. *Id.* at 5–6.

Birdyshaw and Wodak slammed Plaintiff's head on the wall with an extreme amount of force for no reason. *Id.* at 6. Birdyshaw and Wodak said in a low tone, "Nigger I should kill you." *Id.* Wodak then grabbed Plaintiff's neck and squeezed it with force. *Id.* Both officers tried to slam Plaintiff's

head on the wall. *Id.* The officers then dragged him backwards while holding him in a chokehold, digging their fingers into Plaintiff's neck, and made it difficult for him to breath. *Id.*

Tritt, a supervisor, arrived and saw all of this happening. *Id.* Tritt, Jones, Rosenthal, Beahm, Rodenkirch, and Barkhurst did nothing to intervene and stop the unnecessary force. *Id.* at 7. Plaintiff did not resist at any time during this incident. *Id*. After the excessive force incident, they all performed an unlawful strip search of Plaintiff and cut his clothing off, fondled his penis and genitals, and used their hands to check his anus without medical staff assistance. *Id.*

### 2.2. Exhaustion Facts

Plaintiff has failed to oppose Defendants' motion for summary judgment and has provided no response to Defendants' facts. As such, the Court adopts Defendants' proposed findings of fact as undisputed for the purposes of this motion. *See* Fed. R. Civ. P. 56(e)(2); Civil Local Rules 7(b) and (d) (warning that "[f]ailure to respond to [a] motion may result in the Court deciding the motion without further input from the parties," and that "[f]ailure to comply with [motion] briefing requirements . . . may result in sanctions up to and including the Court denying or granting the motion."

Plaintiff was issued two adult conduct reports for his behavior on November 29, 2018, while an inmate at WCI. Defendants' Proposed Findings of Fact ("DPFF") 1, ECF No. 20. One of the reports accused Plaintiff of disobeying orders and disruptive conduct for his refusal to leave one of the facility's showers in a timely manner. DPFF 2. The other report accused Plaintiff of disobeying orders, disruptive conduct, threats, and possession of contraband. DPFF 3. This report was based on Plaintiff's behavior after he was removed from

the shower and returned to his cell. The report describes Plaintiff making death threats to WCI staff, refusing orders, and physically resisting attempts to restrain Plaintiff. It also describes a strip search of Plaintiff that found contraband in his underwear, including two batteries and approximately six feet of ripped linen. DPFF 4. Plaintiff admitted to the conduct in both adult conduct reports and accepted a disposition totaling 120 days of disciplinary separation. DPFF 5. Plaintiff later filed an inmate complaint regarding the November 29 incident. "My complaint," Plaintiff wrote, "is about unnecessary excessive force by RHU staff." In this complaint, Plaintiff alleged that Defendant Pingel threatened to break his arm and that unnamed WCI staff pushed Plaintiff's head into a wall. DPFF 6. Plaintiff's inmate complaint was dismissed by the warden and, on appeal, by the office of the secretary. DPFF 7. Plaintiff submitted no other inmate complaints regarding the November 29 incident. DPFF 8.

Defendants provided a copy of Plaintiff's exhausted inmate complaint. *See* ECF No. 21-2 at 9. The Court has reviewed the inmate complaint and the text of the inmate complaint provides that Rosenthal was searching his cell but does not include any allegations of a strip search or inappropriate touching of his genitals or anus. *Id.* The inmate complaint also does not provide any allegation of staff failing to intervene during the excessive force used against him. *Id.*

3.   **ANALYSIS**

Defendants request partial summary judgment on a single ground: that Plaintiff failed to exhaust his administrative remedies as to three of the four claims before filing the instant lawsuit. Defendants do not dispute that Plaintiff exhausted his administrative remedies as to the excessive force claim against Defendants Pingel, Birdyshaw, and Wodak, and therefore do

Page 8 of 12
Case 2:21-cv-01058-JPS    Filed 02/08/23    Page 8 of 12    Document 35

not seek summary judgment on this claim. ECF No. 19 at 1. Defendants argue, however, that Plaintiff's inmate complaint failed to raise the issues of failure to intervene or an improper search, and therefore must be dismissed because they were never raised in an exhausted inmate complaint. *Id.* at 4

One purpose of the exhaustion requirement is to permit prison officials the opportunity to address inmate concerns internally before an inmate initiates litigation. *Woodford v. Ngo,* 548 U.S. 81, 89 (2006); *Schillinger v. Kiley,* 954 F.3d 990, 995 (7th Cir. 2020). Exhaustion "promotes efficiency because a claim can generally be resolved much more quickly in an administrative proceeding than in litigation in federal court." *Schillinger*, 954 F.3d at 995.

To provide notice of the conduct complained of, an inmate's complaint must contain the information required by the prison's administrative rules. *Strong v. David*, 297 F.3d 646, 649 (7th Cir. 2002). Where those rules are silent, "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Id.* at 650; *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004). An inmate need not state "facts, articulate legal theories, or demand particular relief," nor must he name each potential defendant, so long as the grievance "object[s] intelligibly to some asserted shortcoming." *Strong,* 297 F.3d at 650; *Riccardo*, 375 F.3d at 524. In this way, the approach to interpreting inmate complaints is akin to the federal notice pleading system. *Dye v. Kingston*, 130 F. App'x 52, 55 (7th Cir. 2005). Wisconsin's administrative rules provide little guidance as to the required contents of an inmate complaint; however, those rules do require that offender complaints "[c]ontain only one issue per complaint, and [] clearly identify the issue." Wis. Admin. Code DOC § 310.09(1)(e).

Here, Defendants acknowledge that Plaintiff complained about excessive force used against him. ECF No. 19 at 7. Defendants maintain, however, that this inmate complaint failed to provide notice of the failure to intervene or improper search claims at issue in this case. Defendants argue that the claim he asserted in his inmate complaint exhausted only the excessive force claim and that "he would have needed to file separate inmate complaints to do so, given that '[e]ach [inmate] complaint may contain only one clearly identified issue.'" *Id.* at 8 (quoting Wis. Admin. Code ch. DOC 310.07(5)). The Seventh Circuit's recent decision in *Schillinger v. Kiley* is instructive on this issue.

In *Schillinger*, the Seventh Circuit found that a state prisoner failed to exhaust all available administrative remedies because the complaint that he submitted to the prison was not specific enough. 954 F.3d at 996. The prisoner sued several prison officials for not protecting him from an attack by another inmate. *Id.* The applicable state law provided that "a prisoner must 'clearly identify the issue' in an inmate complaint," but it did not specify "what it takes to satisfy this requirement." *Id.* at 995. The prisoner's complaint mentioned none of the officials by name, nor did it show that any officials "had reason to know in advance that an attack might occur and failed to take appropriate measures to prevent it." *Id.* The Seventh Circuit therefore concluded that even though the inmate gave a thorough description of the incident, he did not put the prison on notice that he intended asserting a failure-to-protect claim. *Id.*

Applying that logic here, the Court finds that Plaintiff's inmate complaint failed to provide notice to Defendants of the failure to intervene and improper search claims. Plaintiff's inmate complaint dealt with the issue of excessive force used against him—and not a failure to intervene or

Page 10 of 12
Case 2:21-cv-01058-JPS    Filed 02/08/23    Page 10 of 12    Document 35

improper search. The Court is mindful of the fact that inmate complaints need not articulate legal theories or specifically name every individual defendant. *See Strong*, 297 F.3d at 650. The Court does not agree with Defendants that Plaintiff necessarily would have needed to submit a separate inmate complaint form for each claim in order to sufficiently exhaust his claims. The Court does not find, however, that Plaintiff's exhausted inmate complaint here met the threshold requirement of putting Defendants on notice of the failure to intervene and improper search claims at issue in this case. The complaint makes no mention of staff who stood by and failed to intervene against the excessive force used again him. Similarly, the inmate complaint makes no mention of a strip search. Plaintiff's inmate complaint did not give prison officials the opportunity to resolve these issues prior to this litigation. As such, the Court finds that Plaintiff failed to exhaust his administrative remedies as to these claims and will grant Defendants' motion for partial summary judgment based on Plaintiff's failure to exhaust his failure to intervene and improper search claims.

### 4. CONCLUSION

For the reasons explained above, the Court will grant Defendants' motion for partial summary judgment, ECF No. 18. Plaintiff failed to properly and timely exhaust his administrative remedies as to the Eighth Amendment failure to intervene, Eighth Amendment illegal strip search, and Fourth Amendment illegal strip search claims. As such, the only remaining claim in this case is Plaintiff's Eighth Amendment claim against Defendants Pingel, Birdyshaw, and Wodak for excessive force. The Court will issue a scheduling order in due course.

Accordingly,

**IT IS ORDERED** that Defendants' motion for partial summary judgment based on the exhaustion of administrative remedies, ECF No. 18, be and the same is hereby **GRANTED** as provided in this Order;

**IT IS FURTHER ORDERED** that Plaintiff's motion for an extension of time, ECF No. 34, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's Eighth Amendment failure to intervene, Eighth Amendment illegal strip search, and Fourth Amendment illegal strip search claims be and the same are hereby **DISMISSED without prejudice**;

**IT IS FURTHER ORDERED** that Defendants Joseph D. Beahm, Jesse J. Jones, Cathy L. Barkhurst, Tylor J. Rodenkirch, Jason A. Rosenthal, and Kyle K. Tritt be and the same are hereby **DISMISSED** from this action; and

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss for failure to prosecute, ECF No. 28, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 8th day of February, 2023.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge