# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DERRICK DUPAR, JR.,

    Plaintiff,

v.

TROY A. PINGEL, NICHOLAS J. WODAK, and JOHN W. BIRDYSHAW,

    Defendants.

Case No. 21-CV-1058-JPS

**ORDER**

    Plaintiff Derrick Dupar Jr., who is currently incarcerated at Green Bay Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights. ECF No. 1. On June 24, 2022, the Court screened the complaint and allowed Plaintiff to proceed on the following four claims: (1) Eighth Amendment excessive force against Defendants Troy A. Pingel, John W. Birdyshaw, and Nicholas J. Wodak; (2) Eighth Amendment failure to intervene against Defendants Joseph D. Beahm, Jesse J. Jones, Cathy L. Barkhurst, Tylor J. Rodenkirch, Jason A. Rosenthal, and Kyle K. Tritt; (3) Eighth Amendment illegal strip search against Defendants Pingel, Birdyshaw, Wodak, Beahm, Jones, Barkhurst, Rodenkirch, Rosenthal, and Tritt; and (4) Fourth Amendment illegal strip search against Defendants Pingel, Birdyshaw, Wodak, Beahm, Jones, Barkhurst, Rodenkirch, Rosenthal, and Tritt. ECF No. 12 at 8.

    On February 8, 2023, the Court granted Defendants' partial motion for summary judgment based on the failure to exhaust administrative remedies. ECF No. 35. The Court dismissed without prejudice Plaintiff's Eighth Amendment failure to intervene, Eighth Amendment illegal strip

search, and Fourth Amendment illegal strip search claims, and the only claim currently remaining is Plaintiff's Eighth Amendment claim against Defendants Pingel, Birdyshaw, and Wodak for excessive force. *Id.* at 11–12. On July 21, 2023, over five months after the Court's summary judgment ruling, Plaintiff filed a motion for relief from judgment or order. ECF No. 39.

Plaintiff brings his motion under Federal Rule of Civil Procedure ("Rule") 60. ECF No. 39. At the outset, the Court notes that Plaintiff's motion cannot be brought under Rule 60. Rule 60 provides that "the court may relieve a party or its legal representative from a *final* judgment, order, or proceeding [.]" Fed. R. Civ. P. 60(b) (emphasis added). Because there are still pending claims and a final judgment has not issued, the Court's prior order was interlocutory in nature. *See Heyer v. Pierce & Assocs., P.C.*, No. 14 C 854, 2017 WL 2404978, at *1 (N.D. Ill. June 2, 2017) ("Since the Court's order granting partial summary judgment did not dispose of all claims and parties, it amounted to an interlocutory order[.]"). Therefore, a Rule 60 motion cannot be brought at this stage. *See Martin v. Fort Wayne Police Dep't*, No. 1:11 CV 347, 2014 WL 1047801, at *12 n.15 (N.D. Ind. Mar. 18, 2014) ("Rule 60(b) does not apply because Rule 60(b) only applies to 'final orders and final proceedings.' "); *Parker v. U.G.N. Inc.*, No. 2:13 CV 420, 2015 WL 540278, at *4 (N.D. Ind. Feb. 10, 2015) ("Rule 60(b) does not apply here because Rule 60(b) only applies to 'final orders and final proceedings.' ").

However, because Plaintiff is proceeding pro se, the Court liberally construes Plaintiff's motion. Because there has not yet been a final judgment in this case, Federal Rule of Civil Procedure ("Rule") 54(b) governs Plaintiff's motion for reconsideration. See *Bhatia v. Vaswani*, No. 18-CV-2387, 2020 WL 3578004, at *2 (N.D. Ill. July 1, 2020). Under Rule 54(b), "any

order or other decision [ ] that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *see also Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir.), opinion amended on denial of reh'g, 835 F.2d 710 (7th Cir. 1987) (affirming district court's denial of motion to reconsider under Rule 54(b)).

Revisions under Rule 54(b) are discouraged and should be reserved for circumstances in which the initial decision was "clearly erroneous and would work a manifest injustice*." See Ghashiyah v. Frank*, 2008 WL 680203, at *3 (E.D. Wis. Mar. 10, 2008) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988)) (internal quotation marks omitted). In general, "litigants must fight an uphill battle in order to prevail on a motion for reconsideration." *Id.* (citation and internal quotation marks omitted). Motions to reconsider under Rule 54(b) "are judged by largely the same standards as motions to alter or amend a judgment under Rule 59(e)." *Ghashiyah*, 2008 WL 680203, at *3. The Court may grant a Rule 59(e) motion to alter or amend the judgment if the movant presents newly discovered evidence that was not available at the time of trial, points to evidence in the record that clearly establishes a manifest error of law or fact, or if the Court previously misunderstood a party's arguments. *Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 813 (7th Cir. 2012). Rule 59(e) motions are "not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment, or to present evidence that was available earlier." *Id.* (citation and internal quotation marks omitted). A party moving for reconsideration bears a heavy burden

Page 3 of 4
Case 2:21-cv-01058-JPS   Filed 09/12/23   Page 3 of 4   Document 42

and its motion must be supported by a showing of extraordinary circumstances. *Mahurkar v. C.R. Bard, Inc.*, 2003 WL 22844237, at *1 (N.D. Ill. Dec. 1, 2003) (citing *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996)).

Plaintiff's motion for relief from judgment or order does not meet the high burden necessary to succeed. Plaintiff presents argument that he did exhaust his administrative remedies for the three claims that were previously dismissed. However, Plaintiff is a day later and a dollar short in presenting this argument. Plaintiff had the opportunity to present his opposition to summary judgment *prior* to the Court ruling on the motion. He did not do so, and the Court accordingly adopted Defendants' proposed findings of fact as undisputed. ECF No. 35 at 7 (citing Fed. R. Civ. P. 56(e)(2); Civil Local Rules 7(b) and (d)). Plaintiff does not demonstrate new evidence that was not previously available; instead, he presents evidence that he failed to timely present to the Court. As such, the Court is obliged to deny Plaintiff's motion for relief from judgment or order.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for relief from judgment or order, ECF No. 39, be and the same is hereby **DENIED.**

Dated at Milwaukee, Wisconsin, this 12th day of September, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Page 4 of 4
Case 2:21-cv-01058-JPS   Filed 09/12/23   Page 4 of 4   Document 42