# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DERRICK DUPAR, JR.,

                Plaintiff,

v.

TROY A. PINGEL, NICHOLAS J.
WODAK, and JOHN W.
BIRDYSHAW,

                Defendants.

Case No. 21-CV-1058-JPS

# PROTECTIVE ORDER

On March 22, 2024, the parties in the above-captioned matter stipulated to and requested the entry of a protective order, and also submitted a proposed protective order. ECF Nos. 60, 61. The parties request that the Court enter such an order because they anticipate that the exchange of sensitive information may cause unnecessary damage and injury to the parties or others. ECF No. 61 at 1.

Federal Rule of Civil Procedure Rule 26(c) allows for an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" including "requiring that a trade secret or other confidential research, development, or commercial information . . . be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G); *see also* Civ. L.R. 26(e).

Protective orders are an exception to the general rule that pretrial discovery must occur in the public eye. *Am. Tel. & Tel. Co. v. Grady*, 594 F.2d 594, 596 (7th Cir. 1979); *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945–46 (7th Cir. 1999). Litigation must be "conducted in public to the maximum extent consistent with respecting

trade secrets . . . and other facts that should be held in confidence." *Hicklin Eng'r, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006).

Nonetheless, the Court can enter a protective order if the parties have shown good cause and that the order is narrowly tailored to serve that cause. Fed. R. Civ. P. 26(c); *Citizens First*, 178 F.3d at 945; *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994) (even when parties agree to the entry of a protective order, they still must demonstrate the existence of good cause). The Court can find that even broad, blanket orders are narrowly tailored and permissible when it finds that two factors are satisfied:

> (1) that the parties will act in good faith in designating the portions of the record that should be subject to the protective order; and

> (2) that the order explicitly allows the parties to the case and other interested members of the public to challenge the sealing of documents.

*Cnty. Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 740 (7th Cir. 2006).

The Court finds that the parties have requested the protective order in this action in good faith. The parties report that this case will entail the disclosure of sensitive information that may cause unnecessary damage and injury to the parties or others ECF No. 61 at 1. Thus, the Court is satisfied that there exists a sufficient basis for the requested protective order.

Because the parties' proposed protective order adequately complies with the standards set forth above, the Court will enter an order based on the parties' submission. The Court makes two minor modifications to the parties' proposed protective order: (1) to clarify the difference between a "restricted" document and a "sealed" document, and

that both are options for motions filed under General Local Rule 79(d), *see infra* Paragraph (C)(2); and (2) to allow both parties and interested members of the public to challenge the designation of confidentiality by motion, *see infra* Paragraph (D).

Accordingly,

**IT IS ORDERED** that the parties' stipulation for a protective order, ECF No. 60, be and the same is hereby **ADOPTED**; and

**IT IS FURTHER ORDERED** pursuant to Fed. R. Civ. P. 26(c) and Civil L.R. 26(e):

**A.    Information Subject to this Protective Order**

1.    Pursuant to Fed. R. Civ. P. 29(b), this Stipulated Protective Order governs the access to, use, and distribution of information designated as "Confidential" or "Confidential – Attorneys' Eyes Only" under this Protective Order. For purposes of this Protective Order, "Confidential" or "Confidential – Attorneys' Eyes Only" information includes documents, pleadings, interrogatory responses, deposition testimony, and all other discovery materials. This Protective Order shall apply to all information and materials produced or disclosed during the course of the above-captioned action by any party or non-party, including information disclosed in the course of discovery.

2.    If a party or third party, in response to formal or informal discovery, produces information that it deems should be given the protection of this Protective Order, said party or third party may mark such information "Confidential" or "Confidential – Attorneys' Eyes Only," and the information shall thereafter be subject to this Protective Order's terms.

3.     A document may be marked "Confidential" when the document contains information concerning the plaintiff's own personal information.

4.     A document may be marked "Confidential – Attorneys' Eyes Only" when the document contains information, the distribution of which within the inmate population could endanger the safety of persons in and the security of the Wisconsin Department of Corrections and its institutions. A document may also be marked "Confidential – Attorneys' Eyes Only" when the document contains personal information concerning inmates other than the plaintiff, or current or former staff of the Wisconsin Department of Corrections.

5.     If a party or third party, in response to formal or informal discovery, produces information that it deems should be given the protection of this Protective Order but fails to mark such information "Confidential" or "Confidential – Attorneys' Eyes Only" at the time of production, the producing party may subsequently notify the receiving party in writing of the inadvertent failure to properly designate the information, and the information shall thereafter be subject to this Protective Order's terms. To facilitate the inspection of large volumes of documents without the need to first affix a "Confidential" or "Confidential – Attorneys' Eyes Only" designation to the face of each, the producing party also may, at its option, permit counsel for the receiving party to initially inspect the documents for the purpose of designating those to be copied, and thereafter affix the "Confidential" or "Confidential – Attorneys' Eyes Only" designation to the copies of the documents designated to be copied.

6.     All information derived from documents marked or testimony designated "Confidential" or "Confidential – Attorneys' Eyes

Only," such as extracts, summaries, copies, reproductions, memoranda and correspondence, shall also be considered and marked as "Confidential" or "Confidential – Attorneys' Eyes Only" consistent with the designation of the underlying material from which they were created.

7.     If any party disagrees with the designation of any information as "Confidential" or "Confidential – Attorneys' Eyes Only" pursuant to Paragraphs 2 –4 above, said party shall meet and confer with the producing party in an effort to resolve the disagreement. If the dispute cannot be resolved, the objecting party shall have the right to file a motion challenging said designation no later than thirty (30) days from the date of the conclusion of the meet and confer period. Any information designated as "Confidential" or "Confidential – Attorneys' Eyes Only" shall remain subject to the terms of this Protective Order unless otherwise required by a final order of this Court. The burden of proof and persuasion regarding the proper designation of the information shall rest on the producing party.

**B.     Disclosure Of Confidential Information**

1.     Information designated "Confidential" or "Confidential – Attorneys' Eyes Only" shall not be used or disclosed for any purpose whatsoever, other than for the purpose of prosecuting or defending this litigation. If disclosed for litigation purposes, the information designated "Confidential – Attorneys' Eyes Only" shall not be disclosed to the plaintiff, or other inmates called to testify in this matter, except as may be agreed in advance by counsel. Notwithstanding the foregoing, information designated "Confidential" because it concerns the plaintiff's own personal information may be disclosed to the plaintiff. Nothing in this Protective Order should be read to prohibit a party's disclosure of information to an attorney or legal support staff assisting that party in this litigation.

2.    Information designated "Confidential" or "Confidential – Attorneys' Eyes Only" filed in Court, entered as exhibits at deposition, or disclosed in pleadings shall be so filed, entered or disclosed under seal.

**C.    Designation of Confidential Information**

1.    A party producing or disclosing information may invoke this Order's protection by following the procedures set forth below. With respect to documents, the copy of the document, when produced, shall bear the clear and legible designation "Confidential" or "Confidential – Attorneys' Eyes Only." With respect to answers to interrogatories or requests for admissions, the pages of those responses containing "Confidential" or "Confidential – Attorneys' Eyes Only" information shall be so marked. With respect to any deposition, such treatment may be invoked by: (1) declaring the same on the record at the deposition; or (2) designating specific pages as "Confidential" or "Confidential – Attorneys' Eyes Only" and serving such designations within thirty (30) days of receipt of the transcript of the deposition in which the designations are made. The entirety of all deposition transcripts shall be treated as "Confidential" or "Confidential – Attorneys' Eyes Only" for the thirty-day (30) period following receipt of the transcript.

2.    Parties may seek to have a document either "restricted" or "sealed." Gen. L.R. 79(d)(1). Restricted documents can be accessed only by the Court and counsel for both parties, whereas only the Court can access sealed documents. *Id.* To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions, or any other papers filed or to be filed with the Court reveal or tend to reveal information claimed to be confidential, those papers must be redacted only to the extent necessary. If the parties seek to "restrict" or "seal" a document,

either in part or in full, they must file a motion with the Clerk of Court together with a redacted copy on the record, utilizing the procedures set forth in General L.R. 79(d). They must also simultaneously file unredacted copies "sealed" or "restricted" with the Clerk of Court via the CM-ECF system, again utilizing the procedures set forth in General L.R. 79(d). The parties shall act in good faith in designating records to be filed, in whole or in part, "sealed" or "restricted." If a Court filing contains information, documents, or other materials that were designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by a third party, the party making the filing shall provide notice of the filing to the third party.

**D.** **Challenges to Confidentiality**

A party or interested member of the public may challenge the designation of confidentiality by motion. The movant must accompany such a motion with the statement required by Civil L.R. 37. The designating party bears the burden of proving that the information, documents, or other material at issue are properly designated as confidential. The Court may award the party prevailing on any such motion actual attorney fees and costs attributable to the motion.

**E.** **Trial**

Nothing in this order is intended to govern, limit, or affect the right of any party with respect to "Confidential" or "Confidential – Attorneys' Eyes Only" designated information if this matter proceeds to trial. Should any party desire to use information that has been marked "Confidential" or "Confidential – Attorneys' Eyes Only" at any trial, the parties will work together and with the Court to fashion an appropriate procedure to protect, where necessary, the material designated "Confidential" or "Confidential – Attorneys' Eyes Only."

F.    **Limitations**

This Protective Order shall not affect:

a.  any party's right to object to another party's designation of information as "Confidential" or "Confidential – Attorneys' Eyes Only;"

b.  any party's right to seek an additional protective order governing categories of information for which the present Protective Order does not provide protection from disclosure;

c.  any party's right to object to any discovery request on any ground;

d.  any party's right to seek an order compelling discovery with respect to any discovery demand; or

e.  any party's right to object to the admissibility of any information on any ground.

G.    **MODIFICATION**

The Protective Order may be modified by a stipulation of the parties approved by the Court. If a party seeks modification by motion, the party shall first give at least ten (10) days prior written notice by hand, facsimile or electronic mail to all other parties of the specific grounds for the modification sought.

Dated at Milwaukee, Wisconsin, this 26th day of April, 2024.

BY THE COURT:

_____

J.P. Stadtmueller
U.S. District Judge